ROGNESS, Respondent, *v.* NORTHERN PACIFIC RY. CO., Appellant.

(No. 4,308.)

(Submitted March 10, 1921.  Decided March 29, 1921.)

[196 Pac. 989.]

*Carriers—Railroads—Livestock Shipments—Injury in Transit —Bills of Particulars—Evidence—Appeal and Error—Briefs —Specifications of Error.*

Railroads—Livestock Shipments—Injury in Transit—Evidence—Admissibility.
  1.  In an action against a carrier for damages to livestock in transit, one allegation of the complaint being that the cattle were injured, after resting, by reason of the use of dogs in reloading, evidence of the icy condition of the ground was admissible to show that while being dogged they slipped and fell on the ice.
Bill of Particulars—Proof Admissible.
  2.  Where a bill of particulars is furnished pursuant to an order of court or request of the opposing party, the party furnishing it is limited in his proof to the matters covered by the bill.
Same—Power of District Court—Discretion.
  3.  The district court has power, in the exercise of a sound discretion, to order a party to furnish a bill of particulars.

———

2. Effect of bill of particulars on proof, see note in 8 A. L. R. 550.

Same—No Broader Than Request Therefor—Surplusage.

4.    A bill of particulars should not be construed any broader than the request therefor, and where the party furnishing it voluntarily includes matters not covered by the request, such matters must be deemed surplusage and immaterial.

Same—Evidence—Admissibility.

5.    Where evidence was admissible under the allegations of the complaint, and the bill of particulars furnished by plaintiff was to meet a definite request not affecting such evidence, the court properly overruled defendant's objection that plaintiff was barred from introducing any evidence upon matters not specifically mentioned in the bill.

Railroads—Livestock Shipments—Contract—Copies—Secondary Evidence— When Inadmissible.

6.    Refusal to permit a carbon copy of a livestock shipping contract to be introduced in evidence because proper foundation had not been laid for the introduction of secondary evidence was proper where such copy was incomplete in that the signature of the shipper was missing therefrom because of the fact that at the time the contract was made the carbon sheet had been so placed as not to cover the space left for his signature, which omission was later supplied by defendant's agent writing in the name of plaintiff, and where it appeared that the original was in defendant's possession.

Instructions—Inapplicable to Evidence—Refusal Proper.

7.    An instruction not applicable to the evidence was properly refused.

Appeal and Error—Brief—Specification of Errors.

8.    Alleged errors not contained in the specifications of error will not be considered on appeal.

Same—Brief—Specification of Errors—General Specification Insufficient.

9.    *Held,* that a general specification that the trial court erred in denying motion for a new trial, or in entering judgment, is insufficient to raise any issue, it being incumbent upon appellant to indicate the particular error relied upon.

*Appeals from District Court, Carbon County; A. C. Spencer, Judge.*

ACTION by Nels T. Rogness against the Northern Pacific Railway Company. From a judgment for plaintiff and an order denying its motion for a new trial, defendant appeals. Affirmed.

*Messrs. Gunn, Rasch & Hall* and *Mr. R. G. Wiggenhorn,* for Appellant, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

Where general allegations of negligence are made in the complaint, which are too indefinite to inform defendant of the

specific acts or injuries relied upon, the defendant is entitled
to a bill of particulars to enable him to prepare his pleadings
and for trial and to guard against surprises. (*Gordon* v.
*Northern Pacific Ry. Co.*, 39 Mont. 571, 18 Ann. Cas. 583, 104
Pac. 679; *Flaherty* v. *Butte Electric Ry. Co.*, 40 Mont. 454,
135 Am. St. Rep. 630, 107 Pac. 416; *Bogard* v. *Illinois Cent.
Ry. Co.*, 116 Ky. 429, 3 Ann. Cas. 160, 76 S. W. 170; *Field*
v. *New York Cent. Ry. Co.*, 35 Misc. Rep. 111, 71 N. Y. Supp.
220.) Where a bill of particulars is requested and furnished,
the plaintiff must confine his proof. to the acts of negligence
mentioned in such bill. (*Flaherty* v. *Butte Electric Co.*,
*supra;* 31 Cyc. 570.) If evidence is introduced on matters not
covered by the bill of particulars, the court cannot tell but
what the damages awarded were increased because of such evi-
dence, and a new trial must be granted. (*Gordon* v. *North-
ern Pacific Ry. Co.*, *supra.*)

The power of the court to order a bill of particulars does
not depend upon any special statutory provision. This power
of the court is incident to its general authority in the adminis-
tration of justice. A leading case upon this question is that
of *Tilton* v. *Beecher*, 59 N. Y. 176, 17 Am. Rep. 337. See,
also, *Nelson Bennett Co.* v. *Twin Falls Land & Water Co.*, 14
Idaho, 5, 93 Pac. 789; *May* v. *Illinois Cent. Ry. Co.*, 129 Tenn.
521, L. R. A. 1915A, 781, 167 S. W. 477; *Clark* v. *Ohio River
R. Co.*, 39 W. Va. 732, 20 S. E. 696; *Mathis* v. *State*, 45 Fla.
46, 34 South. 287; *State* v. *Rathbone*, 8 Idaho, 161, 67 Pac.
186; *Tourgee* v. *Rose*, 19 R. I. 432, 37 Atl. 9; *Bogard* v. *Illi-
nois Cent. Ry.*, 116 Ky. 429, 3 Ann. Cas. 160, 76 S. W. 170.

Many of the cases hold that a motion or a special demurrer
to make a complaint more definite and certain is the proper
practice when the pleading is too indefinite or uncertain for
the defendant to determine the nature of plaintiff's cause of
action or the particular cause of action the plaintiff is relying
upon, and that, on the other hand, where the plaintiff's cause
of action is apparent from the face of the complaint, that mat-
ters of time, place and circumstances necessary to properly

prepare for trial are strictly the province of a bill of particulars.   (31 Cyc. 644, 646; *Tilton* v. *Beecher,* 59 N. Y. 176, 17 Am. Rep. 337; *Johnson* v. *Great Northern Ry.,* 12 N. D. 420, 97 N. W. 546.)

The court erred in refusing to admit in evidence a carbon copy of the shipping contract.   A carbon duplicate is a duplicate original contract.   (2 Wigmore on Evidence, secs. 1232, 1234; *International Harvester Co.* v. *Elfstrom,* 101 Minn. 263, 118 Am. St. Rep. 626, 11 Ann. Cas. 107, 12 L. R. A. (n. s.) 343, 112 N. W. 252; *Walker* v. *Southern Ry. Co.,* 77 S. C. 161, 12 Ann. Cas. 591, 57 S. E. 764; *Cole* v. *Ellwood Power Co.,* 216 Pa. St. 283, 65 Atl. 678; *Chesapeake & O. R. Co.* v. *Stock,* 104 Va. 97, 51 S. E. 161.)   The place of signing a contract is immaterial, so long as it appears in such form and manner as to have the effect of authenticating it.   (6 R. C. L., sec. 56; 13 C. J., sec. 129; *Fulshear* v. *Randon,* 18 Tex. 275, 70 Am. Dec. 281; *Bonewell* v. *Jacobson,* 130 Iowa, 170, 5 L. R. A. (n. s.) 436, and note, 106 N. W. 614; *Eldridge* v. *Mowry,* 24 Cal. App. 183, 140 Pac. 978.)   The admission in evidence of this contract would have had an important bearing on the question of loading, feeding and watering of the stock at Sunnyside and at South St. Paul.   Paragraph 4 of the contract, in which the shipper agreed to load, unload, care for, feed and water the stock and to furnish an attendant to go with the stock for that purpose, is a valid provision.   (*Chicago, M. & St. P. Ry. Co.* v. *Schuldt,* 66 Neb. 43, 92 N. W. 162; *Bartelt* v. *Oregon R. & N. Co.,* 57 Wash. 16, 135 Am. St. Rep. 959, 106 Pac. 487; *Haner* v. *Fargo,* 166 App. Div. 466, 151 N. Y. Supp. 913; *Southern Ry. Co.* v. *Tollerson,* 135 Ga. 74, 68 S. E. 798; *Mix* v. *Chicago, M. & St. P. Ry. Co.,* 34 S. D. 613, 149 N. W. 727.)

*Mr. John G. Skinner,* and *Mr. Geo. W. Pierson,* for Respondent, submitted a brief; *Mr. Pierson* argued the cause orally.

Under the common counts a bill of particulars might be required to identify the particular cause of action, but the party

on whom the order was made was never required to outline his evidence. The record shows counsel is here seeking to make a bill of particulars serve the latter purpose. If the system of Code pleading has any purpose, it is to do away with bills of particulars. Estee's Code Pleading does not even mention bills of particulars. A bill of particulars as known to common-law states is unknown in the practice in Montana. This is a Code state and our practice is defined by statute. Proofs are admitted or excluded under the issues.

Under the common law a bill of particulars has no place in an action on the case. (*Shadrock* v. *Alpine Plank Road Co.,* 79 Mich. 7, 44 N. W. 158; *City of Plymouth* v. *Fields,* 125 Ind. 323, 25 N. E. 346.) Since the Code of Procedure took effect, there is no provision of the practice requiring bills of particulars to be given. (*Winslow* v. *Kierske,* 4 N. Y. Super. Ct. 304.) In an action for tort, a motion for a bill of particulars was denied, for the reason a bill of particulars is only allowed in actions on account. (*Webster* v. *Fitchburg R. Co.,* 32 Misc. Rep. 442, 66 N. Y. Supp. 220.)

The happenings of the trip were admissible without specifically charging the defendant with the responsibility for each act of mistreatment. (*Russell* v. *Chicago, B. & Q. Ry. Co.,* 37 Mont. 1, 94 Pac. 488, 501.) "To impose upon the shipper the burden of ascertaining the cause of every delay in the transportation of his property, and refuse relief in the absence of such proof, would be tantamount to denying any right of action for damages resulting from negligence in transportation." (*Wall* v. *Northern Pac. Ry. Co.,* 50 Mont. 122, 145 Pac. 291.) The injury being established, the burden of proof is upon the carrier to establish by a preponderance of the evidence that the injury was occasioned from some other cause than its negligence. The fact that plaintiff accompanied the shipment does not change the rule. (*Nelson* v. *Great Northern R. R.,* 28 Mont. 297, 72 Pac. 642.) Under an allegation that defendant did not safely carry the stock, evidence was admitted to show

the cattle did not have proper hay and water. (*Heitman* v. *Chicago & Milwaukee R. R. Co.*, 45 Mont. 412, 123 Pac. 401.)

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This action was commenced to recover damages to a shipment of two carloads of cattle from Silesia, Montana, to Chicago, Illinois. Judgment was entered for plaintiff. Motion for new trial was made and overruled. Appeal is from the judgment and order overruling the motion.

The cause of action is based upon alleged negligence of the defendant in rough handling of the shipment, unreasonably slow movement in transportation, failure to furnish reasonable facilities for unloading, feeding, watering and resting the cattle from time to time while in transit, and in using dogs of vicious character and disposition in driving the cattle from the yards into the cars. Prior to trial defendant made request of plaintiff for a bill of particulars, which request was as follows:

"To the Above-named Plaintiff and to John G. Skinner, Attorney for Plaintiff:

"Please furnish the defendant at once a bill of particulars covering the points hereinafter mentioned: 1. The place or places at or between which defendant, or the connecting carrier, delayed the transportation of said cattle several hours. beyond the lapse of a reasonable time, as alleged in the complaint. 2. The place or places at which defendant, or the connecting carrier, failed to afford reasonable means or opportunity for unloading, feeding, watering and resting said cattle, as alleged in the complaint. 3. The place or places at or between which the defendant, or the connecting carrier, kept and confined said cattle on the cars for great, unusual and unnecessary and unreasonable periods of time, without feed, water or rest, or means or opportunity of securing the same, as alleged in the complaint. 4. The place or places at or between which defendant, or the connecting carrier, did not use reasonable or ordinary care in and about the handling, care and transporta-

tion of said cattle, while the same were actually in transit, as alleged in the complaint. 5. The place or places at which the defendant, or the connecting carrier, started or stopped the train carrying said cattle with great and unnecessary suddenness and violence, thereby throwing said cattle from their feet to the floors of the cars and piling them upon one another in the ends of the cars, as alleged in the complaint. Please confine bill of particulars to the freight divisions or particular places regarding which you propose to offer evidence, so that we will not be required to produce witnesses to cover the run over freight divisions, if any, on which or to explain the handling of the stock at places at which you do not intend to produce witnesses to show negligence.

"Dated this 7th day of July, 1916.

                    "R. G. Wiggenhorn,
                    "Gunn, Rasch & Hall,
                    "Attorneys for Defendant."

In response to the demand plaintiff served and filed a bill of particulars as follows:

"To the Above-named Defendant, to R. G. Wiggenhorn, Esq., and to Messrs. Gunn, Rasch & Hall, Attorneys for Defendant:

"In response to the request for a bill of particulars served some time ago in the above-entitled action, the plaintiff expects to prove the following: 1. That plaintiff shipped two cars of cattle from Silesia, Montana, on January 12, their destination being Chicago, Illinois; that the cattle should have arrived for Monday's market, January 17, but did in fact arrive for Tuesday's market, January 18. The delay at Billings, Montana, was about four hours—it is not customary or usual to stop at Billings, Montana, for more than a few minutes, if at all, on cattle shipments; that there was some delay at Sunnyside and also at South St. Paul, and a further delay in the yards at Chicago. The delays, however, were slight, but the total delay was sufficient so that the cattle did not arrive for Monday's market. 2. That at Sunnyside the yardman or man in

charge of the yards, where the cattle were unloaded for feed-
ing, used five dogs for dogging the cattle out of the yards and
into the cars. This is unusual and while the plaintiff has been
a shipper over the Northern Pacific for a number of years and
over other roads, he has never known of dogs being used to
drive cattle in the stockyards and into cars. That by reason
of said dogs being used the cattle were frightened, overheated
and overdriven and five head thereof were injured and bruised.
3. That at several places during the nights on the trip from
Silesia to Chicago, the defendant did not use ordinary care in
transporting the cattle, but started and stopped the cars sud-
denly and with great force. It is difficult for plaintiff to tell
just the stations where the cattle were shook up and thrown
against the side of cars, by reason of rough handling, except
at Billings and near Sunnyside. 4. The plaintiff will also show
that the market declined fifteen cents per cwt. by reason of the
delay—that Monday's market was at least fifteen cents higher
than Tuesday's market. 5. Plaintiff will also show that the
company's agent at Chicago was notified before the cattle were
mingled with other stock. 6. That by reason of the rough
handling and delay and dogging of said cattle, said cattle
shrunk about seventy-five pounds per head more than they
ordinarily would have shrunk under ordinary circumstances,
and the condition of the cattle was rough and stale. 7. The
plaintiff does not intend to offer any testimony on the rough
handling of the cattle, except at Billings and Sunnyside and
during the nights, as it is difficult to show the exact places and
the testimony will be general on this question.

"Dated this 18th day of November, A. D. 1916.

"JOHN G. SKINNER,

"Attorney for Plaintiff."

The first seven specifications of error involve the admission
[1] by the court, over objection of defendant, of certain evi-
dence relative to watering conditions and ice on the ground in
the yard at Sunnyside and feeding conditions at South St.
Paul. The evidence as to the ice was admissible as bearing on

the charge that the cattle were dogged, it appearing that, while being so dogged, the cattle went upon the ice, slipped and fell. The objection to the evidence as to feeding and watering conditions was that the bill of particulars above mentioned made no reference to those matters, and therefore plaintiff was precluded from giving evidence of such conditions. We are satisfied that under the complaint, plaintiff was entitled to offer evidence upon these subjects, and the only question is whether or not the bill of particulars so restricts the proof that plaintiff could not offer in evidence any testimony whatever as to any matters not specifically mentioned in the bill of particulars, even though covered in the complaint.

The rule is well established that when a bill of particulars **[2-5]** has been ordered or requested and is furnished in compliance with such order or request, the party so furnishing it is limited in his proof to the matters covered by such bill of particulars. (31 Cyc. 570; *Flaherty* v. *Butte Elec. Ry. Co.,* 40 Mont. 454, 135 Am. St. Rep. 630, 107 Pac. 416.) It is contended by plaintiff that under the Code practice of this state a bill of particulars cannot be demanded or ordered in actions of this kind. However, we are satisfied that it is within the power of the court, in the exercise of a sound discretion, to order bills of particulars in such cases. (*Bogard* v. *Illinois Central Ry.,* 116 Ky. 429, 76 S. W. 170, 3 Ann. Cas. 160; with exhaustive note.) In this case, no order was made by the court, but the defendant requested a bill of particulars merely as to the places at which plaintiff claimed the alleged acts of negligence took place and gave as a reason therefor that the defendant might know upon what division the alleged acts of negligence took place so that it might be prepared to meet the issues involved as to such places without being obliged to bring witnesses from divisions on which there was no complaint. Under the request, defendant was not entitled to receive a bill of particulars as to any items not mentioned in its request, and the bill of particulars should not be construed any broader than the request therefor. The reference to some items not in-

cluded within the request was purely voluntary on plaintiff's part; thus all matters alleged in such bill of particulars not required by defendant were merely surplusage and immaterial. (*Clark* v. *Ford*, 41 Ill. App. 199.) Inasmuch as the evidence in question was admissible under the allegations of the complaint and the bill of particulars was furnished to meet a definite request not affecting such evidence, the court did not err in overruling the objections of the defendant. It is also significant in this connection that at the time his evidence was offered, defendant did not claim any surprise nor any inability to meet those issues; in its motion for new trial it did not claim that it had been surprised in this regard, was unable to meet the issues, or that it had witnesses which it could have produced, but did not produce because of any expectation that no evidence would be introduced upon those subjects; nor did it allege that upon a new trial it would be in any better position to meet those issues than it was upon the trial that had been had. The conclusion is irresistible that the contention of defendant is technical and that defendant was not misled to its prejudice by the failure of the bill of particulars to mention such matters. "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect." (Rev. Codes, sec. 6593.)

Error is alleged in the ruling of the court sustaining objection to the introduction of a carbon copy of the livestock [6] contract upon which it is alleged that the shipment was made. Objection was interposed on the ground that the instrument offered in evidence was not the original contract and no foundation was laid for secondary evidence of the same. In its answer defendant alleges that the shipment in question moved under a certain livestock contract containing certain limitations of the liability of the carrier. The allegations of the answer respecting this contract were denied by reply. The burden, therefore, rested upon defendant to prove the contract

by competent evidence. The testimony shows that the contract upon which the shipment moved was made in duplicate, a carbon being placed between two forms of the contract and both contracts being made at the same time, as is usual in making carbon copies. It happened, however, that the station agent, in the use of his carbon, failed to place the carbon over the blank for signature of the shipper on the under sheet, so that when the shipper signed the original contract, no impression was made of his signature upon the carbon copy. Such being the case, the carbon copy did not become an original contract, as is usual when two complete and identical instruments are made at the same time by the use of carbon paper. After the train had left the station, the station agent wrote in the shipper's name in the blank space for signature on the carbon copy. When the copy was shown to plaintiff, he denied the signature and did not admit that the substance was the same as the original contract on which the shipment moved. It further appears from the evidence that the original contract was returned to defendant company and was, at the time of trial, on file with its passenger department. The rule as to the proof of written instruments is clearly set forth in section 7941 of the Revised Codes, which reads as follows: "The original writing must be produced and proved, except as provided in this Part. If it has been lost, proof of the loss must first be made before evidence can be given of its contents. Upon such proof being made, together with proof of the due execution of the writing, its contents may be proved by a copy, or by a recital of its contents, in some authentic document, or by the recollection of a witness, as hereinbefore provided." Under the statutory rule, there was no sufficient foundation laid for introduction of the unsigned carbon copy, and the obligation rested upon defendant to produce the original contract in its possession. There was no error in the ruling of the court in this respect.

Objection was made to the refusal of the court to give to [7] the jury the following offered instruction: "You are in-

structed that the defendant is not liable for delays, if any, unless the same were due to its negligence, and if you find that delays, if any, were due to cold weather or other action of the elements, then the defendant is not liable for any damage to said stock caused by such delays as you may find were due solely to the weather.'' At the time the shipment in question moved, the weather was extremely cold. Defendant offered expert evidence to show that in extremely cold weather considerable difficulty is experienced in operating trains. However, no evidence was introduced showing that in this particular instance the movement of the train was delayed in any way by reason of the weather conditions then prevailing. On the contrary, the witnesses for defendant insisted that the time consumed in the transportation was the usual and ordinary time for such movement. Under these circumstances the instruction was not applicable to the evidence. Furthermore, it appears that even though the instruction had been applicable, defendant had no cause for complaint, for the reason that another instruction was given which fully covers the matters contained in this offered instruction.

Defendant in its brief argued other matters in regard to [8] which it is contended that error was committed in the trial. However, there is no specification of error in respect to such matters, and, under the rule which has been laid down by this court in a large number of cases, to the effect that no alleged errors shall be considered unless contained in the specifications of error, this court is not in a position to consider the argument so made. (*Toole* v. *Weirick,* 39 Mont. 359, 133 Am. St. Rep. 576, 102 Pac. 590; *Rehberg* v. *Greiser,* 24 Mont. 487, 62 Pac. 820, 63 Pac. 41; *Schilling* v. *Curran,* 30 Mont. 370, 76 Pac. 998; *Murray* v. *Montana L. & M. Co.,* 25 Mont. 14, 63 Pac. 719; *In re Murphy's Estate,* 43 Mont. 353, Ann. Cas. 1912C, 380, 116 Pac. 1004; *Lehane* v. *Butte Electric Ry. Co.,* 37 Mont. 564, 97 Pac. 1038; *Dorais* v. *Doll,* 33 Mont. 314, 83 Pac. 884; *Patterson* v. *Pfouts,* 25 Mont. 163, 64 Pac. 222; *Babcock* v. *Caldwell,* 22 Mont. 460, 56 Pac. 1081.)

It is true that defendant has made a general specification [9] that the court erred in denying defendant's motion for a new trial. While it is customary to specify errors as to the ruling of the court in denying a motion for a new trial such as herein specified, yet under the practice and rules of this court such specification is of no avail to raise any issue whatever. It is like a specification wherein it is alleged that the court erred in entering judgment. Each of such specifications is so broad that it does not point out any particular error and does not advise the court of any legal question involved. If such was not the rule, then the appellant could raise any number or any kind of questions that he may desire, even including objections to the admissibility of evidence, by merely alleging that the court erred in overruling motion for new trial, or that the court erred in entering judgment. The mere fact that on a motion for a new trial several grounds are usually specified as a basis of the motion does not change the principle. If the trial court erred in overruling and denying defendant's motion for a new trial, upon what ground did it err? Which ground specified in the notice of intention is relied upon? The only satisfactory method of answering these questions is to require that the specification of errors must particularly indicate the error relied upon. It should be so definite that there can be no doubt as to the precise legal point involved. For these reasons a general assignment that the court erred in overruling motion for new trial, or in entering judgment, is insufficient to raise any issue

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.