SAMUELL, APPELLANT, *v.* MOORE MERCANTILE CO. ET AL., RESPONDENTS.

(No. 4,655.)

(Submitted January 10, 1922. Decided January 30, 1922.)

[204 Pac. 376.]

*Chattel Mortgages—Injury to Property After Condition Broken —Right of Action in Mortgagor—Actions—Common Law— Appeal and Error—Rules of Supreme Court—Briefs.*

Appeal and Error—Briefs—Rules of Supreme Court—Duty of Counsel.
    1. Flagrant disregard of the rules of the supreme court by counsel for appellant in the preparation of his brief justifies affirmance of the judgment.

Chattel Mortgages—Injury to Property After Condition Broken—Right of Action in Mortgagor, When.
    2. Until title to mortgaged chattels passes by foreclosure or sale, the mortgagor, out of possession and after condition broken, has an in-

---

    2. Action by mortgagor of chattels against third persons after condition broken, see notes in 137 Am. St. Rep. 893; 21 Ann. Cas. 80; Ann. Cas. 1917D, 554.

[62 Mont. 232.]

terest. in them to the extent that the value of the property exceeds the mortgage debt, interest, costs, *etc.*, which he may enforce in an action in the nature of the common-law action on the case against a third person by whose wrongful interference the property is injured or destroyed.

Pleading and Practice—Defendant's Motion for Judgment at Conclusion of Trial in Effect General Demurrer.
3. For the purpose of testing the sufficiency of the complaint, defendant's motion for judgment at the conclusion of the trial has the effect of a general demurrer.

Actions—Form Immaterial—Complaint Sufficient if Plaintiff Entitled to Relief.
4. The form in which an action is brought is immaterial, for if upon any view of the case made plaintiff is entitled to relief, the pleading will be sustained and the character of the action determined from the nature of the grievance rather than from the form of the declaration.

Same—Common Law—Principles of Aid in Construction of Pleadings.
5. While the common-law forms of action have been abolished so far as name and form of action, but not substance, are concerned, reference to the forms and principles of the common law are of aid in determining the rights of litigants.

Chattel Mortgages—Injury to Property by Third Party After Condition Broken—Right of Action by Mortgagor.
6. Plaintiff had given a mortgage on his crops to a mercantile company, and upon condition broken the mortgagee directed the sheriff to seize and sell them under the power of sale contained' in the mortgage. Before the sale could be had, a third party, wrongfully claiming to be entitled to their possession, commenced an action against the mortgagee and the sheriff and secured a restraining order enjoining further proceedings. The unthreshed portion of the crops was suffered to lie in the field and be destroyed by the elements. Plaintiff brought action for damages against the third party but the trial court directed judgment for defendant on the ground that plaintiff's only recourse was an action in conversion, that he could not maintain such an action under the conditions existing, and therefore had no case. *Held*, under the above rules, that the complaint stated a cause of action on the case, and that judgment of nonsuit was error.

*Appeals from District Court, Fergus County; Jack Briscoe, Judge.*

ACTION by P. H. Samuell against the Moore Mercantile Company, the Power Mercantile Company, and Firmin Tullock, as sheriff. From a judgment in favor of the Power Mercantile Company and from an order denying a new trial, plaintiff appeals. Reversed and remanded.

*Messrs. Cheadle & Cheadle,* for Appellant, submitted a brief;
*Mr. E. K. Cheadle* argued the cause orally.

*Messrs. Belden & De Kalb,* for Respondents, submitted a
brief; *Mr. Carl Rasch,* of Counsel, argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

During 1914 and 1915 plaintiff was in possession of certain
farming lands in Fergus county. In the fall of 1914 he seeded
about 100 acres to fall wheat, and in the spring of 1915 he
seeded 20 acres to spring wheat and 66 acres to oats. He
gave a chattel mortgage upon these crops to secure an indebt-
edness of something over $1,600 due to the Moore Mercantile
Company. When the crops matured in 1915 plaintiff harvested
them and in November commenced threshing. On November
18, when he had threshed only about 700 bushels of the grain,
the mortgagee secured a certified copy of the mortgage, placed
it in the hands of the sheriff and directed him to execute the
power of sale. Acting pursuant to his instructions and the
terms of the mortgage, the sheriff took possession of the crops,
including the threshed grain. On November 26, and before
the date of the sheriff's sale, the Power Mercantile Company,
claiming to be the owner of the crops and entitled to their pos-
session, commenced an action in the district court and secured
a restraining order enjoining the Moore Mercantile Company
and the sheriff from proceeding further or in any manner in-
terfering with its free use and control of the property. Upon
the service of the order the work of threshing was suspended
and was never resumed, so that the unthreshed portion of the
grain was suffered to lie in the field and to be destroyed by
the elements. Plaintiff brought this action to recover damages
and in his complaint set forth the facts much more in de-
tail. Among other things he alleged that the value of the un-
threshed crops exceeded greatly the amount due to the mort-
gagee. Issues were joined and the cause brought to trial. At

the close of plaintiff's testimony the court granted a nonsuit as to the defendants Moore Mercantile Company and the sheriff, and at the conclusion of all of the evidence rendered judgment in favor of the Power Mercantile Company. From that judgment and from an order denying a new trial, plaintiff appealed.

Counsel for appellant have disregarded the rules of this **[1]** court in the most flagrant manner. Neither of the two so-called assignments of error presents any question for review. (*Rogness* v. *Northern Pac. Ry. Co.,* 59 Mont. 373, 196 Pac. 989), and their brief is practically devoid of argument and does not contain the citation of a single authority in support of their position. This court ought not to be called upon to do the work which counsel are employed to do, and with perfect propriety we might affirm the judgment and order without reference to the merits, and justify our decision upon reason and numerous decisions of this court and other courts of last resort; but it is apparent to us that plaintiff has suffered grievous injury in the destruction of his crops, and he should not be penalized further for failure of his counsel to discharge their duty. We therefore assume the burden of original investigation to determine the character and extent of his rights and the propriety of the remedy which he has invoked.

In a memorandum opinion filed at the time the judgment was rendered the trial court indicated that its decision was based solely upon the theory that the complaint does not state facts sufficient to constitute a cause of action, and it is apparent from a consideration of the evidence that it could not have been justified upon any other ground, for, though the evidence tending to establish the extent of the loss is meager in the extreme, it does appear to be sufficient to warrant a recovery for more than nominal damages, if plaintiff is entitled to recover **[2]** at all; so that the one principal question presented may be stated as follows: Is the mortgagor of personal property out of possession after condition broken entitled to maintain an action for damages against a third party by whose wrong-

ful acts the property is destroyed, where the value of the property exceeds the amount due the mortgagee?

The identical question was answered in the affirmative in *Frankenthal* v. *Mayer*, 54 Ill. App. 160, and we think upon correct principles. Under our statutes the mortgage creates only a lien. (Sec. 5736, Rev. Codes 1907.) The mortgagee is not entitled to possession before default, unless expressly authorized by the mortgage itself. (Sec. 5737.) The title to the mortgaged property remains in the mortgagor until, by foreclosure or sale, as authorized by section 5769, Revised Codes, as amended (Laws 1913, Chap. 86), it is divested. (*Demers* v. *Graham*, 36 Mont. 402, 122 Am. St. Rep. 384, 13 Ann. Cas. 97, 14 L. R. A. (n. s.) 431, 93 Pac. 268.) Until title passes, the mortgagor has an interest to the extent, at least, that the value of the property exceeds the mortgage debt, interest, costs, *etc.* It follows that any unwarranted interference with the property by a third person which results in its destruction constitutes a wrong to the mortgagor to the extent of his interest, and it is one of the maxims of our jurisprudence that "for every wrong there is a remedy." (Sec. 6191, Rev. Codes 1907.)

As indicated by its opinion, the trial court proceeded upon the assumption that this is an action in conversion, and, since the plaintiff was neither in actual possession nor entitled to immediate possession at the time of the wrongful acts of which complaint is made, he cannot maintain the action. If the premise is correct, the conclusion follows under practically all of the authorities; but it does not follow that because plaintiff cannot maintain an action in conversion he is remediless. Under our Codes, the common-law forms of action have been abolished. Section 6425, Revised Codes of 1907, provides: "There is in this state but one form of civil action for the enforcement of [or] protection of private rights and redress or prevention of private wrongs."

Section 6532 provides that the complaint shall contain "a statement of the facts constituting the cause of action in

ordinary and concise language.'' For the purpose of testing
[3] the sufficiency of this complaint, the motion for judg-
ment interposed by the Power Mercantile Company at the con-
clusion of the trial had the effect of a general demurrer
(*Daily* v. *Marshall,* 47 Mont. 377, 133 Pac. 681), and it is the
[4, 5]  rule in this state that, in determining whether a com-
plaint states a cause of action, matters of form, as well as
allegations not appropriate to the purpose sought to be ac-
complished, will be disregarded. (*Wheeler & Motter Merc.
Co.* v. *Moon,* 49 Mont. 307, 141 Pac. 665.) In other words, the
form in which the action is brought is altogether immaterial,
for, if upon any view of the case made plaintiff is entitled to
relief, the pleading will be sustained (*Raymond* v. *Blancgrass,*
36 Mont. 449, 15 L. R. A. (n. s.) 976, 93 Pac. 648), and the
character of the action will be judged from the nature of
the grievance rather than from the form of the declaration.
(*Railroad Co.* v. *Hurst,* 36 Miss. 660, 74 Am. Dec. 785.) Sec-
tion 6425, above, however, refers to matters of form and not to
substance, and, though the form and name of the action is abol-
ished, the distinctions between the character of different ac-
tions necessarily arise from the nature of the wrong which
is suffered and the relief which is sought, so that a reference
to the forms and principles of common-law pleading is fre-
quently of aid in determining the rights and remedies of liti-
gants. (*Maronen* v. *Anaconda C. Min. Co.,* 48 Mont. 249,
136 Pac. 968.) At common law the action on the case was
the great residuary remedy in the field of torts. It was de-
signed to afford relief in all cases where one person was in-
jured by the wrongful act of another and no specific remedy
was provided. (*Van Pelt* v. *McGraw,* 4 N. Y. 110.) It was
not infrequently termed a ''formless action,'' in that it was
not indicative of any particular form of action, but rather of
a substantive class of actions of many different species that
took the name from the fact that they were not included
within any of the recognized forms of writs, but were begun
by writs which set forth the facts and circumstances of the

particular cases. (*Cockrill* v. *Butler* (C. C.), 78 Fed. 679.) In Comyn's Digest, under .the title "Action on the Case," it is said: "In all cases where a man has a temporal loss or damage by the wrong of another, he may have an action upon the case to be repaired in damages." For a further discussion of the subject, reference may be had to 1 Bacon's Abridgment, 125; 5 Petersdorff's Abridgment, 194; Andrews' Stevens' Pleading, sec. 52; 3 Street's Foundation of Legal Liability, Chap. 18; 11 C. J. 1.

In the action commenced by the Power Mercantile Company [6] against the Moore Mercantile Company and the sheriff an appeal was prosecuted to this court, and it was determined finally that the Power Mercantile Company did not have any title to or interest in the crops in question and was not entitled to an injunction. (*Power Merc. Co.* v. *Moore Merc. Co.*, 55 Mont. 401, 177 Pac. 406.) When the Moore Mercantile Company took possession of the crops under its chattel mortgage, it owed to the plaintiff, as mortgagor, the duty to exercise reasonable care for the protection and preservation of the property (Jones on Chattel Mortgages, sec. 697), but when the restraining order was served it was prevented effectually from discharging that duty, with the resulting loss to the mortgagor. Neither the right nor the duty to preserve the property devolved upon the plaintiff. He was not in possession nor entitled to possession. His property had been taken from him rightfully, but was suffered to be destroyed without fault on his part or the part of the mortgagee in possession. Upon the plainest principles of common sense and justice, the Power Mercantile Company is liable for the damages occasioned by the mischievous agent which it set in motion without justification. The trial court erred in assuming that plaintiff's only recourse was to an action in conversion which he could not maintain because of the exigencies of the particular case. The complaint states a cause of action, in the nature of an action on the case for damages against the Power Mercantile Company, and the cause should have been decided upon the merits.

The judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.