Missouri, Kansas & Texas Railway Company of Texas v. J. A. Gilbert and J. J. Coker.

Decided June 8, 1910.

**1.—Overflow—Damages—Pleading.**

Petition in an action for injury to growing crops by causing overflow of the premises sufficiently alleges the damages where it shows the amount in which the value of the yield of the crops was lessened thereby.

**2.—Same—Charge.**

A statement of plaintiff's claim in the charge as one for present injuries to growing crops, plaintiff claiming decrease in probable yield, was not misleading, where the jury were also referred to the petition for a full statement of the cause of action. If a more complete statement was desired a charge thereon should have been prepared and requested.

**3.—Injury to Crops—Landlord and Tenant—Parties.**

In an action for injury to growing crops which a tenant was raising on shares, though the landlord is not a necessary party, he has not been held an improper one, and if he were, his joinder as plaintiff would be error not prejudicial to defendant, and not ground for reversal.

**4.—Growing Crops—Sale After Injury.**

The sale by a tenant of his interest in a growing crop after it has been damaged by overflow by another's wrongful act does not transfer his right of action for the damages nor present an obstacle to his recovery.

Appeal from the County Court of Williamson County. Tried below before Hon. T. J. Lawhon.

*W. E. Spell* and *Luther Nickels,* for appellant.—The proper measure of damages in this case was the difference between the values of the several crops immediately before the infliction of the injuries and their values immediately after the infliction thereof. Texas & P. Ry. Co. v. Bayliss, 62 Texas, 572; Texas & P. Ry. Co. v. Schofield, 72 Texas, 397; International & G. N. Ry. Co. v. Pape, 73 Texas, 501; Gulf, C. & S. F. Ry. Co. v. McGowan, 73 Texas, 355; Jones v. George, 56 Texas, 149; Jones v. George, 61 Texas, 361.

Said allegations covered and contemplated items of damages which

were too remote and speculative and uncertain to warrant a recovery thereupon. Texas & P. Ry. Co. v. Bayliss, 62 Texas, 572; Jones v. George, 56 Texas, 154; Jones v. George, 61 Texas, 361; Sabine & E. T. Ry. Co. v. Joachimi, 58 Texas, 458; Texas & P. Ry. Co. v. Schofield, 72 Texas, 497; International & G. N. Ry. Co. v. Pape, 73 Texas, 501; Gulf, C. & S. F. Ry. Co. v. McGowan, 73 Texas, 355.

In this case the tenant was invested with all the rights of his landlord and he was the proper party to sue for and recover the entire damage caused by appellant's wrongful conduct, if any. Texas & P. Ry. Co. v. Bayliss, 62 Texas, 574; Railway Co. v. Heard, 3 App., C. C. (Willson) 397.

Plaintiff Coker having sold his interest in the crops in question to one J. E. Smith on or about the 10th day of July, 1908, a date prior to the maturity of the crops, he had no right under the law to sue for and recover damages caused by reason of injuries to such crops. Texas & P. Ry. Co. v. Bayliss, 62 Texas, 572; Texas & P. Ry. Co. v. Schofield, 72 Texas, 497; International & G. N. Ry. Co. v. Pape, 73 Texas, 501; Gulf, C. & S. F. Ry. Co. v. McGowan, 73 Texas, 355; Jones v. George, 56 Texas, 149; Jones v. George, 61 Texas, 361.

*J. V. Morris,* for appellee.—While the rule of damage for injury to growing crops is the difference between the value of the crops just before and just after the infliction of the injury, yet the most satisfactory way of arriving at that damage is to find what the yield would have been but for the acts of damages, and from that take the cost of any additional labor in making and marketing the additional amounts of crops and the amount of crops actually made. Gulf, C. & S. F. Ry. Co. v. McGowan, 73 Texas, 362; International & G. N. Ry. Co. v. Pape, 73 Texas, 501; Galveston, etc., Ry. Co. v. Barsky, 2 Texas Civ. App., 545; Railway Co. v. Jackson, 103 S. W., 710; Milling Co. v. Langford, 32 Texas Civ. App., 401; M., K. & T. Ry. Co. v. Gilbert, 124 S. W., 434.

While J. J. Gilbert, the landlord, under the decisions of our courts, was not a necessary party to the suit to enable the tenant to recover for the damaged crop, yet he was a proper party, and appellant suffered no injury because of the court's having refused his special charge. Horsely v. Moss & Pennington, 5 Texas Civ. App., 341; Rentfrow v. Lancaster & Turner, 10 Texas Civ. App., 321.

The cause of action against the appellant in favor of Gilbert and Coker for injuries to their crops was not a part of the crops and did not pass to Smith upon the sale of the damaged crops to him by Coker. Texas & P. Ry. Co. v. Maddox, 26 Texas Civ. App., 297.

RICE, Associate Justice.—Appellees brought this suit against appellant for the recovery of damages alleged to have been sustained by them to their growing crops in the year 1908, resulting from overflows on account of the failure of appellant to provide sufficient sluices and culverts to carry off the surface water falling upon the land of appellee Gilbert adjoining the right of way of appellant, which was being cultivated during said year by appellee Coker on shares as a tenant of Gilbert.

There was a jury trial resulting in a verdict and judgment in behalf of appellees, from which this appeal is prosecuted.

There is no assignment of error assailing the verdict on the ground of the insufficiency of the evidence, but appellant, by several assignments, complains of the insufficiency of the petition, to which it addressed a general demurrer and what is termed a special demurrer (but which, in effect, is nothing more than a general demurrer.), on the ground that the items of damages alleged were speculative and too remote to sustain a recovery. The fourth paragraph of the petition against which these demurrers are leveled, substantially alleges that between March 1st and June 20th, 1908, it rained almost continuously in the vicinity of said farm, which rains created a great amount of surface water, and that said water, on each and every occasion, accumulated on and along the roadbed of the defendant, and backed over the plaintiffs' land and stood upon their crops, whereby the yield of their several crops was lessened and decreased to the respective amounts set out in their petition. Appellant asserts that plaintiffs were not entitled to recover damages on account of the diminished yield, but insists that their recovery should be limited to the present injuries to the crops as they stood in the field.

We are inclined to believe that the petition states a good cause of action, and that the demurrers were properly overruled. See International & G. N. Ry. Co. v. Pape, 73 Texas, 501, where Judge Gaines, in commenting upon the measure of damages to a growing crop, says: "It seems to us that, as a general rule, the most satisfactory means of arriving at the value of a growing crop is to prove its probable yield under proper cultivation, the value of such yield when matured and ready for sale, and also the expense of such cultivation, as well as the cost of its preparation and transportation to market. The difference between the value of the probable crop in the market and the expense of maturing, preparing and placing it there will, in most cases, give the value of the growing crops with as much certainty as can be attained by any other method." See also Missouri, K. & T. Ry. Co. v. Gilbert, 124 S. W., 434. We therefore overrule all assignments complaining of the insufficiency of the petition.

Appellant complains that the court erred in that part of its charge wherein it undertakes to state the issues, in that said paragraph does not conform to the allegations made by the pleadings, but contradicts the same, in stating that the plaintiffs sued for present injuries and damages to the crops in question, whereas the plaintiffs, according to the allegations of their petition, sued for damages by reason of the decrease in the probable yield of the crops in question. We have carefully examined the statement as made by the court, and think the same substantially conforms to the allegations as made in the petition. In addition to this, the court refers the jury to the plaintiffs' petition for a full statement of the cause of action, which we think is sufficient. If appellant desired a more complete statement, it was its duty to have prepared a special charge covering the feature complained of; and, failing so to do, it is not entitled to complain. See San Antonio & A. P. Ry. Co. v. Helm, 64 Texas, 147.

The pleadings alleged that Gilbert was the owner of the land and

Coker was his tenant, cultivating the same on shares, and the evidence supported the allegation. There was no exception nor any special plea setting up a misjoinder of parties plaintiff; but, during the progress of the trial, appellant requested the court· to charge the jury that the landlord, Gilbert, could not recover for any injuries to the crops, which charge was refused, and its refusal is assigned as error. While it is held in Texas & P. Ry. Co. v. Bayliss, 62 Texas, 574, that a landlord is not a necessary party to a suit brought by his tenant to recover damages to a crop, it has not been held that he was not a proper party and in any event, we do not believe that the refusal to give the charge asked was ground for reversal, for the reason that a failure to give the same could not injuriously affect the rights of appellant. It may be likened to a suit brought for the recovery of damages for personal injuries to the wife, where she and the husband are joined as plaintiffs, where it has been held that it is not only not necessary to so join her, but is improper, still, it has been held not reversible error to do so. See Lee v. Turner, 71 Texas, 264; San Antonio & A. P. Ry. Co. v. Helm, supra; International & G. N. R. Co. v. Doolan, 120 S. W., 1118. For which reason the assignment is overruled.

The evidence showed that the appellee Coker, on the 10th of July, 1908, sold to J. E. Smith his interest in the crop on said place. He did not sell, however, his cause of action against the appellant for damages to the crop; and it is contended by appellant that the court erred in refusing to give a charge to the jury to the effect that if plaintiff Coker had sold all of his interest "in the crops of corn and cotton before their maturity, you are instructed that he can not recover any damages in this case on account of the injuries to said crops, if any." The pleadings alleged and the proof showed that the overflows which caused the alleged injury to the crops occurred between March and June of said year. ·This being true, we think the court properly refused to give the charge requested. Plaintiff Coker not having sold his cause of action, Smith had no right or interest therein, and to have given the charge would have been improper under the circumstances. We therefore overrule the sixth as well as the seventh assignment, which substantially present the same question.

Finding no error in the judgment of the court, the same is affirmed.

*Affirmed.*