## CROSBY v. DE BORD.

(Court of Civil Appeals of Texas. Texarkana. April 3, 1913.)

1. SALES (§ 175*) — CONTRACT TO DELIVER GRAIN—DELIVERY.

Plaintiff, having a growing crop of oats, agreed to thresh and deliver the same to defendant on or before July 20, 1912, excepting such as plaintiff desired to use for feeding his stock. In June, 1912, plaintiff delivered, and defendant accepted and paid for, 373 bushels at the agreed price, and before July 20th plaintiff offered to deliver the balance, which was refused. Held, that plaintiff's failure to deliver all of the crop did not relieve defendant from liability for breach of contract in refusing to accept the oats tendered.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 435; Dec. Dig. § 175.*]

2. SALES (§ 1*)—CONTRACTS—SPECIFICATION OF QUANTITY.

The contract of sale was not invalid because no certain number of bushels of oats to be delivered was agreed on.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1, 3–5; Dec. Dig. § 1.*]

3. FRAUDS, STATUTE OF (§ 72*) — SALE OF GROWING CROP—PAROL CONTRACT.

Where plaintiff, having a growing crop of oats, agreed to gather, thresh, and deliver the same to defendant at his warehouse by July 20, 1912, for which defendant was to pay 60 cents a bushel and take the entire crop, excepting such as plaintiff desired to retain for feeding on his farm, the contract was not within the statute of frauds as a sale of an interest in real property.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 116–118, 146; Dec. Dig. § 72.*]

Appeal from Hopkins County Court; F. W. Patterson, Judge.

Action by C. R. De Bord against C. C. Crosby. Judgment for plaintiff, and defendant appeals. Affirmed.

D. Thornton and F. W. Patterson, both of Sulphur Springs, for appellant. C. E. Sheppard, of Sulphur Springs, for appellee.

HODGES, J. The appellee sued the appellant and recovered a judgment for $328.24 as damages for the breach of a contract. According to the testimony of the appellee, he owned a farm near Sulphur Springs. In the early spring of 1912 he planted a crop of oats on his farm, and in April following, while the oats were growing, he made a contract with the appellant, by the terms of which he (the appellee) was to gather, thresh, and deliver the oats to the appellant at his warehouse in Sulphur Springs by the 20th day of July, 1912, "in a reasonably bright condition," for which the appellant was to pay the sum of 60 cents per bushel. There

was no 'understanding as to the number of bushels to be delivered, but the appellant was to take the entire crop, except what the appellee used in feeding his stock on the farm, and he reserved the right to use as much as was wanted for that purpose. In June, 1912, appellee delivered, and appellant accepted and paid for, 373 bushels at the agreed price. Thereafter, and before the 20th day of July, appellee offered to deliver the balance of 1,865 bushels, but these were refused. Appellee was awarded a judgment for the difference between the market price and that which the appellant was to pay.

[1-3] The principal defense presented on this appeal is the argument that the contract as established by the appellee's evidence was of no binding force. It is claimed, first, that appellee had breached the contract by failing to deliver all of his crop; second, that the contract was invalid, because no certain number of bushels were agreed on; third, that the oats, at the time of the sale, were a part of the realty, and the contract was not in writing. These objections were raised in various forms—by questioning the sufficiency of the evidence, by objections to the court's main charge, and by requested special charges. We do not see that it could serve any useful purpose to discuss these in detail. If the facts testified to by the appellee were true, the judgment rendered is a proper one. The jury appears to have accepted his version of the affair.

The judgment is affirmed.