Chicago—First District—May, 1918.     217

Fred Allen A. S. Co. v. H. W. Johns-Manville Co., 211 Ill. App. 217.

## Fred Allen Automobile Supply Company, Appellee, v. H. W. Johns-Manville Company, Appellant.

### Gen. No. 23,904.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. Wells M. Cook, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed May 13, 1918. Rehearing denied May 27, 1918. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by Fred Allen Automobile Supply Company, a corporation, plaintiff, against H. W. Johns-Manville Company, a corporation, defendant, for breach of a written contract for the sale to plaintiff of batteries. From a judgment for plaintiff for $1,054.83 and interest, defendant appeals.

Plaintiff agreed to purchase from defendant within 12 months from date all plaintiff's requirements of "Red Seal batteries" at prices and upon terms in the contract specified. The contract contained this provision, that plaintiff will "devote its best efforts in promoting the sale of the same," meaning the Red Seal batteries in the contract described. The contract provided for certain discounts from scheduled prices above certain quantities delivered and paid for within the contract time for deliveries and payment.

Gregory, Burges & McNab, for appellant.

Lloyd D. Heth, for appellee.

Mr. Presiding Justice Holdom delivered the opinion of the court.

### Abstract of the Decision.

1. Sales, § 17*—*when not nudum pactum.* A contract by which a seller of batteries agrees to furnish sufficient of the contract com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

modity to meet the requirements of the purchaser for a 12-month period, and under which the purchaser agrees to devote its best efforts in making sales, is not *nudum pactum*.

2. SALES, § 15*—*when not void for want of mutuality.* A contract by which a seller of batteries agrees to furnish sufficient of the contract commodity to meet the requirements of the purchaser for a 12-month period, and the purchaser agrees to devote its best efforts in promoting the sale of the batteries, is not void for want of mutuality.

3. CONTRACTS, § 181*—*how intention of parties to unambiguous contract determined.* Where a contract is not ambiguous, the intention of the parties cannot be determined by evidence *aliunde*, but by the language employed in the contract itself.

4. CONTRACTS, § 177*—*what is legal inquiry in construing.* In construing a written contract the legal inquiry is as to what was the intention of the parties.

5. SALES, § 64*—*how contract for sale of batteries and for promotion of resale construed.* A contract for the sale of batteries, under which the seller agrees to furnish a sufficient number to meet the purchaser's requirements for a year and the purchaser agrees to buy them and devote its best efforts in promoting the sale of the batteries, must be construed as providing that the seller was to furnish the buyer with batteries as described in it to meet all the buyer's requirements for a year, as those requirements might materialize during that time with the buyer devoting its best efforts to promote the sale of the batteries.

6. SALES, § 19*—*validity of verbal order for goods.* A verbal order for goods is just as binding as a written one, when proven.

7. EVIDENCE, § 221*—*what is not hearsay.* In an action by a buyer against a seller to recover damages for breach of contract in failing to supply plaintiff with the requisite number of batteries to fill its orders, plaintiff's evidence as to such orders was not hearsay.

8. SALES, § 376*—*when discounts are elements of damages for breach of contract.* In an action by a buyer against a seller to recover damages for breach of contract in failing to supply plaintiff with the requisite number of batteries to fill its orders, the discounts allowed by the contract were properly proven as elements of damages.

9. CONTRACTS, § 13*—*when claim of want of mutuality is untenable.* Where a party partly performs a contract he cannot afterwards, at his own election, avoid its further performance upon the alleged ground of want of mutuality.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.