### CUMMINGS et al. v. NIX.  (No. 2576.)

(Court of Civil Appeals of Texas. Amarillo.
Jan. 6, 1926. Rehearing Denied
Jan. 20, 1926.)

**1. Appeal and error ⬤⟹882(3)—Failure to sustain exception to petition for damages and specific performance as showing misjoinder of parties and causes of action held not error.**

Failure to sustain exception to petition for specific performance of lease or damages by sufficiently alleged conspiracy between lessor and former tenant to withhold possession from plaintiff, as showing misjoinder of parties and causes of action, held not error, where case was tried on alternative plea for damages.

**2. Landlord and tenant ⬤⟹24(1)—Lease requiring lessee to make arrangements with former tenant for possession, which he did, not unenforceable as contingent on uncertain future event.**

Lease providing that lessee should make arrangements with former tenant for possession of premises, which he did, held not unenforceable as contingent on happening of uncertain future event.

**3. Landlord and tenant ⬤⟹24(1)—Lease, authorizing termination because of sale of land or unsatisfactory farming by lessee, held not void for lack of mutuality.**

Lease, requiring lessee to surrender possession on receipt of notice from lessor 60 days before November 1 of any year during life of lease that premises were sold, or that lessee had failed to satisfactorily farm land, held not void for lack of mutuality in remedy; lessor not being authorized to terminate contract on such grounds until expiration of crop season, and lessee being allowed to remove all his crops from premises.

**4. Damages ⬤⟹141—Petition need not set out or disclose proper legal measure of damages to state good cause of action.**

It is not essential to statement of good cause of action that petition set out or disclose proper legal measure of damages; it being for trial court to inform jury as to measure of damages, if evidence is sufficient to take case to jury.

**5. Appeal and error ⬤⟹215(1), 216(1)—Failure to submit proper measure of damages not reversible error, in absence of objection or requested issue.**

Failure to submit proper measure of damages in charge is not reversible error, in absence of objection or requested issue.

**6. Landlord and tenant ⬤⟹129(5)—Whether tenant informed subsequent lessee that he did not wish to carry out agreement to surrender possession held for jury.**

In action against landlord and tenant for damages by conspiracy to withhold possession from plaintiff under new lease, evidence *held* sufficient to authorize submission of issue whether tenant informed plaintiff that he did not desire to carry out agreement to give possession.

**7. Appeal and error ⬤⟹930(3)—Issue not submitted nor requested deemed found in such manner as to support judgment.**

On appeal, issue not submitted nor requested is deemed found by court in such manner as to support judgment, if testimony is sufficient to warrant such finding.

**8. Landlord and tenant ⬤⟹129(2)—Admission of testimony on issue of special damages by conspiracy between lessor and tenant to withhold possession of premises under new lease to plaintiff held not error.**

Where landlord and tenant, in answer to petition sufficiently alleging that they and landlord's agent in execution of new lease to plaintiff knew and contemplated that latter would do things from which alleged special damages arose, in reliance on lease and contract with tenant to surrender possession, did not challenge authority of such agent, but pleaded that landlord entered into, and had done all required of him by, lease, and that plaintiff's failure to arrange for possession as required by contract made it impossible for landlord to perform, court did not err in admitting testimony on issue of special damages.

Appeal from District Court, Hutchinson County; W. R. Ewing, Judge.

Suit by W. S. Nix against I. Cummings and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Bailey & Richards, of Dalhart, for appellants.

F. P. Works, of Amarillo, and C. D. Works, of Spearman, for appellee.

JACKSON, J. This suit was instituted in the district court of Hutchinson county, Tex., by W. S. Nix, plaintiff, against I. Cummings and John Hoff, defendants. Plaintiff alleged:

That by a written contract, a copy of which he attaches to, and makes a part of, his petition, he rented from I. Cummings 640 acres of land described as section 14, block M22, in Hutchinson county, Tex., for a period beginning June 27, 1923, and ending November 1, 1926. That under the provisions of the contract he was to have possession of the premises as soon as the tenant, John Hoff, with whom plaintiff was to arrange for possession, should move off the premises. That there were about 300 acres of the premises in cultivation, and about 340 acres in pasture, and upon the premises was a good six-room dwelling, a good well, barns, and other improvements which plaintiff was to use. That he was to plant and till the cultivated portions of the land in such crops as he desired, and pay certain portions of the crops grown as rental. That, if the premises were sold, or plaintiff should fail to satisfactorily farm the land, he should surrender possession on receipt of notice from I. Cummings to that effect 60 days before November 1st of any year during the life of the lease. That, in pursuance of the terms of his con-

tract, plaintiff, for a valuable consideration, made and entered into an oral agreement with John Hoff, the tenant, to surrender possession of said premises on January 1, 1924. That relying on his respective contracts with each of the defendants, he purchased machinery and seed for planting, at an aggregate cost of $2,615, rented two other sections of land adjacent to section 14 for the same period of time, but, as said two sections were without improvements, he could only use and cultivate them in connection with section 14, and he would not have expended said moneys, or rented the other sections, but for his contracts with the defendants, all of which was known and understood by defendants, and J. R. Collard, the agent of Cummings and of the owner of the adjoining section, with whom he had contracted for both places; and that it was contemplated by plaintiff and the defendants that he would make preparations, purchase equipment, arrange for labor, and lease other lands for cultivation in connection with section 14. That he took possession of a portion of section 14 with the knowledge and consent of the defendants, prepared 25 acres thereof for planting, and put machinery and tools thereon, and seed wheat in the granary on section 14.

That John Hoff, prior to December 1, 1923, informed plaintiff that I. Cummings desired defendant Hoff to remain on the premises, and did not intend to allow plaintiff to have the land. That thereupon plaintiff promptly served defendant Hoff with notice to vacate on January 1, 1924, as he had promised, which Hoff refused to do, for the reason, as plaintiff believes, that Cummings had rented the premises to Hoff, and advised and encouraged him to hold possession thereof. That the defendants repudiated and breached their respective contracts with plaintiff, and are therefore jointly liable to him in damages. That they have acted together, and have agreed and conspired together, in withholding from plaintiff the possession of said premises, and conspired against him in breaching and repudiating their respective contracts and in the perpetration of all of said wrongs against him. That he was at all times ready, willing, and able to comply with all the terms and provisions of his contract, and tendered full compliance therewith.

Plaintiff sets up the following damages: The loss of $100 per month for the use of the dwelling house and improvements on the premises; $250 for feed and straw placed on section 14; $300 for feed and straw stacked on adjoining lands, and $200 pasturage on the adjoining lands, which could not be used except in connection with section 14; $1,500 from being unable to plant 300 acres on section 14 in crops, after deducting costs and expense of cultivating, harvesting, labor, etc.; $1,000 damage from embarrassment and humiliation by not having a home for himself and family during the winter months; $50 per month for himself and sons and teams and equipment; and $500 depreciation in the value of the machinery purchased; also an item of exemplary damages. The prayer was for specific performance of the contracts, and, in the alternative, for damages and general relief.

The written contract is dated June 27, 1923, and designates the defendant I. Cummings as party of the first part, and W. S. Nix as party of the second part, properly describes the land, and ends November 1, 1926. The provisions thereof, important to a disposition of this case, read:

"It is agreed by the parties hereto that the party of the second part hereto shall have possession of said premises as soon as the present tenant moves off the place, and that second party shall make his own arrangements with the present tenant as to the time of such possession. It is understood and agreed by and between the parties hereto that first party shall have the right to terminate this lease at the end of any crop year during the three years covered by this lease, upon either of the following conditions, in which event the second party agrees to give full and peaceable possession of same on or before November 1st of such year as the same shall be terminated by the first party: First, in the event of the sale of the above-described land during the term of this lease, the second party, upon 60 days' notice of such sale prior to November 1st of any year, agrees to give full and peaceable possession of the whole of said premises on or before November 1st of such year; second, in the event that farming operations and general manner of the carrying on of the work on said farm by second party is not satisfactory during any year of this lease, the first party hereto may declare the same canceled at his option, in which event the second party agrees to give full and peaceable possession of the premises upon at least 60 days' written notice prior to November 1st of such year, full possession to be given in such event by the second party on or before November 1st of such year."

Defendants demurred generally to plaintiff's petition; excepted for misjoinder of parties and misjoinder of causes of action, to the allegations of damages, and particularly to the allegations relating to the item of loss on the purchase of machinery, for the reason that there is no allegation that plaintiff purchased, at the market value, nor of the present market value, and because the contract was unilateral, that its provisions made it depend on a future contingency, and disclosed that the parties contracted upon the erroneous assumption that plaintiff could arrange with the tenant for possession, that it was vague, indefinite, uncertain, and ambiguous; pleaded general denial, and that the contract between the plaintiff and defendant Cummings was unilateral and void for want of mutuality, was vague, indefinite, uncertain, and ambiguous, provided no cer-

tain time for beginning, and was executed by both parties on the erroneous assumption that arrangements could be made by plaintiff with the tenant for possession, which arrangements was a condition precedent to the contract becoming effective, that such conditions had not transpired, all of which rendered the contract unenforceable; denied the making of the oral contract between plaintiff and John Hoff; denied any conspiracy; denied that the defendants had prevented plaintiff from securing possession; and denied that plaintiff had suffered any damages by reason of any act done by them or either of them. They alleged that in the arrangements between plaintiff and the defendant Hoff for the possession of section 14 the plaintiff represented that he had secured a certain house of which defendant Hoff could have possession, that such representations were false, and defendant Hoff could not get possession of such house, for which reason any arrangements by him with plaintiff for surrendering possession of section 14 could not be performed, and that all such agreements were oral and within the statute of fraud.

John Hoff pleaded a cross-action against plaintiff, but no error in the disposition thereof is presented, and no further reference thereto will be made.

At the conclusion of the testimony, in response to special issues submitted by the court, the jury found that the plaintiff, W. S. Nix, and the defendant John Hoff made arrangements by which the plaintiff should have possession of the premises about January 1, 1924; that such arrangements were dependent upon Hoff's being able to get possession of the Cornelison place; that the defendants conspired and confederated together to prevent the plaintiff from securing possession of the premises; that, in pursuance of such conspiracy, the defendants did things to prevent Nix from securing possession; that Hoff informed plaintiff that he did not desire to carry out his agreement; that the defendant Cummings said and did things to prevent Nix from securing possession of the premises; that plaintiff suffered damages as a proximate result of his failure to get possession of the premises; that the amount of such damages was $1,250; that Hoff's rental contract did not end September 15, 1923.

The court instructed the jury in connection with the issues submitting damages and the amount thereof; that the measure of damages would be such as plaintiff could reasonably have expected to make upon the place during the term of the contract, after the payment of all the expenses of producing and harvesting the crops, less such amount, if any, as he could have reasonably earned at other similar employment during the same time, and that he would also be entitled to recover such special damages, if any, as flowed proximately from the breach, if any, of said contract.

On the answers of the jury to these issues, the court rendered judgment for the plaintiff, hereinafter called appellee, against the defendants, hereinafter called appellants, jointly and severally, for the sum of $1,250, with 6 per cent. interest thereon from the date thereof.

Appellants requested the submission of no additional issue, and made no objection to the charge of the court or any issue submitted, save and except to one issue, which we will later discuss.

[1] Appellants by their first assignment present as error the failure of the court to sustain their exception to appellee's petition, for the reason that he sought to recover damages from the defendants because of their alleged conspiracy to withhold from him possession of section No. 14, which sounded in tort, and also sought to enforce specific performance of the contract he had made with I. Cummings; hence the petition showed a misjoinder of parties and of causes of action.

The record discloses that the case resolved itself into a suit on the alternative plea of appellee for damages, and was tried by the parties on that theory (Boatner v. Providence Washington Insurance Co. [Tex. Civ. App.] 241 S. W. 136), and appellee's pleading is sufficient to charge a conspiracy between the appellants to breach their respective contracts with him for the purpose of preventing him from acquiring possession of the premises, and discloses that he asserted a common cause of action against them for his damages caused by the alleged conspiracy; and the contention of appellants is not sustained by the authorities (Bering Mfg. Co. v. W. T. Carter & Bro. [Tex. Com. App.] 272 S. W. 1105; American Automobile Ins. Co. et al. v. Struwe [Tex. Civ. App.] 218 S. W. 534; Bowden et al. v. Bridgman et al. [Tex. Civ. App.] 141 S. W. 1043).

[2, 3] Appellants by several assignments attack the action of the court in overruling their demurrers to appellee's alleged cause of action necessarily based on the contract between appellee and appellant Cummings which was unenforceable, as it was contingent upon the happening of an uncertain future event, a condition precedent, and not shown to have transpired, either by pleading or proof, and because the contract upon its face is unilateral and not mutual in remedy. These contentions are founded on the provisions of the contract quoted above to the effect that appellee is to make arrangements with appellant Hoff for possession of the premises, and that on certain conditions appellant Cummings can terminate the contract.

It will be observed that appellee alleged that he made arrangements with appellant

Hoff for possession, and that the finding of the jury sustaining such allegation is not challenged. It will also be noted from the provisions of the contract dealing with its termination by appellant Cummings that he was not authorized by the terms thereof to declare it at an end on account of a sale thereof or if dissatisfied with appellee's farming, except at the end of what was considered the expiration of the crop season, November 1st of each year during the life of the contract, and appellee was allowed to remove all his crops from the premises.

Upon making a valid agreement by appellee with appellant Hoff for possession of the premises, the contingency was removed, and the provisions for the termination of the contract by appellant Cummings are not such as to render it void for lack of mutuality, and the court did not commit error in overruling appellants' exceptions. Stanley v. Sumrell (Tex. Civ. App.) 163 S. W. 697; Foster et al. v. Wright (Tex. Civ. App.) 217 S. W. 1090; Davis, Agent, v. Phillip A. Ryan Lumber Co. (Tex. Civ. App.) 248 S. W. 448; Campbell et al. v. McFadin et al., 71 Tex. 28, 9 S. W. 138; Texas Seed & Floral Co. v. Chicago Set & Seed Co. (Tex. Civ. App.) 187 S. W. 747.

[4] Appellants assign as error the action of the court in overruling their demurrers to appellee's petition because it did not state the correct measure of damages, and that it was particularly insufficient in the averment of a loss of $500 for depreciation on machinery. It has been held that an allegation that crops were diminished in value by injury thereto from overflow is sufficient. M., K. & T. Ry. Co. of Texas v. Gilbert et al. (Tex. Civ. App.) 131 S. W. 1145.

"It is not essential to the statement of a good cause of action that the petition set out or disclose a proper legal measure of damages. A statement of the facts essential to a cause of action is all that good pleading requires. And, when there is evidence sufficient to take the case to the jury, it is for the trial court in its charge to inform the jury as to the measure of damages." St. Louis S. W. Ry. Co. of Texas v. Jenkins (Tex. Civ. App.) 89 S. W. 1106; Texas Employers' Insurance Association v. Downing (Tex. Civ. App.) 218 S. W. 112.

[5] If the trial court in the instant case failed to submit the proper measure of damages in his charge, appellants did not call his attention thereto by objection or by requested issue, and do not present to this court for review any error on the measure of damages in the court's instructions.

[6] Appellants assign as error the action of the trial court in submitting to the jury the issue, "Did Hoff later inform plaintiff that he did not desire to carry out such agreement, if any?" which was answered in the affirmative, because there is no testimony raising such issue, and to the submission of which they properly excepted.

Appellants in their answer pleaded that the arrangement between appellee and appellant Hoff for possession of the premises occupied by Hoff was made on the representation of appellee that he had secured a house into which appellant Hoff could move, which representation was false, and appellant Hoff could not secure possession of such house.

The testimony discloses that appellant Hoff told appellee not to pay the $50 which was the consideration for the house into which appellant Hoff was to move, as he did not want it, and that he was not going to move off of section 14, the Cummings place, until Mr. Cummings said to do so, and that Mr. Cummings had told him to go ahead and sow wheat the next day if he wanted to. This evidence, together with many other circumstances in the record, was sufficient to authorize the submission of this issue.

[7] The appellants urge as error the action of the trial court in rendering judgment against them, because the jury found that the arrangement between appellee and appellant Hoff for possession of the Cummings place was dependent upon Hoff's being able to get possession of the Cornelison place, and failed to submit to the jury whether or not the failure to carry out such arrangement by appellant Hoff was due to his inability to get possession of the Cornelison place. The submission of such issue was not requested by appellants, and, upon appeal, an issue not submitted and not requested shall be deemed found by the court in such manner as to support the judgment if there is any testimony to support such finding, and the testimony is sufficient to warrant such finding. Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132.

[8] The assignments to the effect that appellant Cummings having entered into the contract with appellee by his agent, could not be held for any special damages, and that the court erred in admitting testimony on that issue, are overruled.

Appellants do not, in their answer, challenge the authority of the alleged agent, J. R. Collard, but do plead that appellant Cummings entered into the purported lease contract, and had at all times done all that was required of him by its terms, and had at all times stood ready and willing to comply therewith in every way, but that appellee had failed and refused to arrange for and secure possession of the premises, as the contract obligated him to do, and such failure of appellee made it impossible for appellant Cummings to perform.

Appellee sufficiently alleged that the defendants and the agent knew and contemplated that, relying on his respective contracts with the defendants, he would do the things out of which the special damages are alleged to have arisen.

Appellants present to this court no reversible error, and the judgment is affirmed.