# BORDER RUBBER CO. v. TURNEY.
## (No. 1974.)

(Court of Civil Appeals of Texas. El Paso. Feb. 24, 1927.)

**1. Contracts ⬅➡10(4)—Contract for sale and purchase of all guayule on certain land at named price was bilateral.**

An oral contract, whereby one party agreed to sell and the other to buy all of the guayule on certain land was bilateral; the mutual promises constituting a valid consideration for each other.

**2. Contracts ⬅➡333(8)—Demurrer to seller's petition for damages on ground that plaintiff was not bound to deliver guayule plant held untenable.**

Demurrer to seller's petition for damages for buyer's refusal to accept guayule plant under contract, on ground that plaintiff was not bound to deliver it, was untenable, in view of allegation that plaintiff agreed to deliver all of plant on designated ranch.

**3. Sales ⬅➡81(2)—Delivery under contract for purchase and sale of commodity must be in reasonable time, when no date is specified.**

Where a contract for the sale and purchase of all guayule plant on certain land does not

specify delivery date, the law implies it was to be delivered in a reasonable time.

**4. Sales ☞377—General allegation of damage held sufficient in seller's suit against buyer for refusing to accept goods.**

The seller, in a damage suit against buyer for failure to accept goods under contract, is not required to set forth facts constituting a measure of damages; a general allegation of damage being sufficient.

Appeal from District Court, Brewster County; C. R. Sutton, Judge.

Action by A. M. Turney against the Border Rubber Company. From a judgment for plaintiff, defendant appeals. Affirmed.

W. Van Sickle and Harry V. Fisher, both of Alpine, for appellant.

John Perkins, of Alpine, for appellee.

HIGGINS, J. Appellee, Turney, sued the appellant to recover damages for breach of contract, and recovered judgment for $750.

In brief, the petition sets up the following facts: On January 5, 1926, plaintiff and defendant entered into a verbal contract whereby plaintiff sold to defendant and defendant agreed to buy from plaintiff all the guayule plant on the 02 ranch, to be delivered at Marathon, Tex., at the price of $40 per ton, payable upon delivery. Plaintiff delivered about 150 tons, whereupon defendant refused to accept any more except at the price of $30 per ton. Plaintiff informed defendant he had 250 more tons on said ranch, and was prepared, ready, and willing to so deliver the same, but defendant refused to accept the same. Plaintiff was making a net profit of $6 per ton, and would have made said sum on all plant delivered, and, because of defendant's refusal to accept delivery of the remaining 250 tons at the agreed price of $40 per ton, plaintiff had been damaged in the sum of $2,000. He prayed judgment for the sum of $1,500, and general relief.

Error is assigned to the overruling of a general demurrer to the petition. The objections to its sufficiency are thus stated in appellant's brief:

"A. The contract as pleaded is unilateral and lacking in mutuality:

"First. Because the plaintiff was in no wise bound to deliver the whole, nor, in fact, any part of the guayule plant.

"Second. Because there was no time fixed for delivery.

"Third. Because there was no consideration passing between the parties to bind either for future deliveries; therefore a nudum pactum.

"Fourth. Because the agreement as pleaded was terminable at the will of either party, and the petition shows that the order was countermanded.

"Fifth. Because the petition contains no allegations of facts which constitutes a measure of damages for breach of the agreement."

[1] It was alleged the parties entered into a contract whereby the one agreed to sell and the other agreed to buy all of the guayule on the 02 ranch. In view of these mutual promises we fail to see how it can be asserted the contract was unilateral. It was a bilateral contract, and these mutual promises constituted a valid consideration, the one for the other, and mutuality of contract was thereby created. It is hardly necessary to cite authority to this effect. However, see Taber v. Dallas Co., 101 Tex. 250, 106 S. W. 335.

[2] Nor do we see how it can be asserted the plaintiff was not bound to deliver the whole or any part of the plant, in view of the allegation that he agreed to sell all of the plant on the 02 ranch to be delivered at Marathon.

[3] There was no allegation as to the date delivery was to be made, and therefore the law implies it was to be delivered in a reasonable time after the date of the contract. We find nothing in the contract pleaded to show that it was terminable at the will of either party. The case cited by appellant in this connection has no application.

[4] As to the last objection urged, the terms of the contract are stated, a breach thereof shown, and a general allegation of damage resulting. This is all that was required of the pleader. The court applies the correct measure of damage upon the evidence adduced. Railway v. Gilbert, 61 Tex. Civ. App. 478, 131 S. W. 1145; Railway v. Jenkins (Tex. Civ. App.) 89 S. W. 1106; Cummings v. Nix (Tex. Civ. App.) 279 S. W. 484.

No contention is made that the court applied an improper measure of damage in the sum awarded the plaintiff.

The views expressed above control all other propositions submitted by appellant. There is no merit in any of them.

Affirmed.