Appellee, J. J. Williams, sued appellant, Big Four Ice Cold Storage Company, a corporation, for damages in the sum of $3,000 for the breach of an alleged contract to furnish appellee ice in sufficient quantities to supply his trade at McGregor, Tex., for the season of 1927, at the rate of 25 cents per 100 pounds. The case was tried before a jury and submitted on special issues, in response to which the jury found, in substance, that: (a) Appellant, on or about the 1st day of April, 1927, agreed to furnish appellee with ice sufficient to supply his trade at McGregor, Tex., during the season of 1927 at the rate of 25 cents per 100 pounds; (b) appellee agreed to buy from appellant at said rate all the ice necessary to supply his trade at said place during said time; (c) said agreement was breached by appellant; (d) but for such breach appellee would have sold 1,042,000 pounds of ice, at a profit to him of 15 cents per 100 pounds. The court entered judgment on the verdict of the jury in favor of appellee against appellant for the sum of $1,563, from which judgment this appeal is prosecuted.
 Opinion.
Appellant presents as ground for reversal the action of the court in overruling his general demurrer to appellee's petition. Appellant contends in this connection that the contract declared upon by appellee in his petition was unilateral and void, and wholly insufficient to support a recovery, because said contract as alleged was one for future delivery of personal property, and the amount of ice, the subject-matter of the same, to be sold and delivered thereunder, was vague, indefinite, and unascertainable, and was governed solely by the will, wish, or want of apellee, and because no independent consideration for such agreement was alleged. Appellee alleged, in substance, that appellant entered into a verbal contract with him, by the terms of which it agreed to furnish him ice for the season of 1927 sufficient to supply his trade at McGregor, Tex., at the rate of 25 cents per 100 pounds; that he agreed to buy from appellant all the ice necessary to supply his said trade for said season, and to pay therefor at said price; that it was understood and contemplated by both appellant and appellee that appellee was to engage in the ice business at said time and place, and sell the ice so purchased for a profit; that appellee would make certain improvements, and incur the expense thereof, that he might conduct such business successfully, and that in doing so he was relying on said agreement; that appellee did incur considerable expense in equipping himself to transport, store, and market said ice; that appellant performed its contract, and furnished him all the ice necessary to supply his trade from the opening of the ice season about May 1, 1927, until about June 3,1927, and that he paid appellant therefor at the rate agreed upon; that on or about said last-named date appellant refused to sell him any further ice at any price; that he was unable to purchase ice elsewhere, and *Page 178 
was compelled to close and abandon his said business.
Appellee, as above shown, alleged specifically that appellant agreed to sell him, and that he agreed to buy from appellant, all the ice necessary to supply his trade during said season. There is no contention by appellant that the promises so alleged were not mutual in terms. The gist of its complaint is necessarily that the amount of ice so contracted for by appellee was so uncertain as to be unascertainable. Our Supreme Court considered a similar contention in the case of Texas Farm Bureau Cotton Ass'n v. Stovall, 113 Tex. 273, 253 S.W. 1101 et seq. In that case the obligations of the seller were expressed in the contract between the parties in paragraphs 2, 11, and 12 thereof as follows:
"(2) The association agrees to buy, and the grower agrees to sell and deliver to the association, all the cotton produced or acquired by or for him in Texas during the years 1921, 1922, 1923, 1924, and 1925."
"(11) The grower shall have the right to stop growing cotton, and to grow anything else at any time, at his free discretion; but, if he produces any cotton during the term hereof, it shall all be included under the terms of this agreement, and must be sold only to the association.
"(12) Nothing in this agreement shall be interpreted as compelling the grower to deliver any specified quantity of cotton per year; but he shall deliver all the cotton produced or acquired by or for him."
The court, after reviewing the promises of the respective parties contained in said contract and holding the same to be mutual, at page 1106, paragraph 5 of 253 S.W. (113 Tex. 286), disposed of the appellant's contention that the subject-matter thereof was so uncertain as to render such contract incapable of enforcement, as follows:
"The next objection urged to the contract is that it, is so uncertain in its terms as not to be capable of enforcement. The contract in this case, in paragraphs 2, 11, and 12, as quoted above, makes definite and certain the subject-matter. The grower agrees to sell, and the association agrees to buy, all the cotton produced by the defendant in error or acquired by or for him in Texas during the years 1921 to 1925, inclusive. This description of the subject-matter is clearly sufficient and definite to form the basis of a contract. Hopkins v. Partridge,71 Tex. 608, 10 S.W. 214; Brewer v. Blanton, 66 Tex. 532, 1 S.W. 572; Becker v. Bowen (Tex.Civ.App.) 79 S.W. 45, 46; Stanley v. Sumrell (Tex.Civ.App.) 163 S.W. 697, 699; Crosby v. DeBord (Tex.Civ.App.)155 S.W. 647; Curtice Bros. v. Catts, 72 N.J. Eq. 831, 66 A. 935; Lapowski v. Taylor, 13 Tex. Civ. App. 624, 35 S.W. 934; G. H. H.R. Co. v. Hill Mercantile Co., 31 Tex. Civ. App. 196, 71 S.W. 797; Simpkins on Contracts and Sales, pp. 819, 821; 13 Corpus Juris, pp. 339, 340, § 191 (13); Elliott on Contracts, vol. 1, § 180."
In addition to the authorities cited in the above excerpt from the opinion of the court in that case, we refer to the following: Bank of Washington v. Moore (Tex.Com.App.) 296 S.W. 868, 869, 870; Grand Prairie Gravel Co. v. Joe B. Wills Co. (Tex.Civ.App.) 188 S.W. 680, 682, 686; Barron G. Collier, Inc., v. Davidson-Levine, Inc. (Tex.Civ.App.)294 S.W. 223, 224; Border Rubber Co. v. Turney (Tex.Civ.App.) 291 S.W. 959,960; Tyler Ice Co. v. Coupland et al., 44 Tex. Civ. App. 383, 99 S.W. 133,134; Hickey v. O'Brien, 123 Mich. 611, 82 N.W. 241, 242, 243, 49 L.R.A. 594, 81 Am.St.Rep. 227; Texas Co. v. Pensacola Maritime Corp. (C.C.A.) 279 F. 19, 23, 24, 24 A.L.R. 1336; Fred Allen Auto Supply Co. v. H. G. Johns-Manville Co., 211 Ill. App. 217; E. G. Dailey Co. v. Clark Can Co., 128 Mich. 591, 87 N.W. 761, 762; Spencer v. Taylor, 69 Kan. 493, 77 P. 276, 277; Ramey Lumber Co. v. John Schroeder Lumber Co. (C.C.A.) 237 F. 39, 43, 44; Conley Camera Co. v. Multiscope Film Co. (C.C.A.) 216 F. 892, 896, par. 3; Ehrenworth v. Geo. F. Stuhmer Co., Inc., 229 N.Y. 210, 128 N.E. 108, 110; Burgess Sulphite Fibre Co. v. Broomfield, 180 Mass. 283, 62 N.E. 367, 368; 1 Page on Contracts, pp. 949-959, §§ 565, 566.
There is a class of cases which hold that, though a contract be void for lack of mutuality at the time it is made, and while it remains wholly executory, yet, when there has been even a part performance by the party seeking to enforce the same, and in such part performance such party has rendered services or incurred expense contemplated by the parties at the time such contract was made, which confers even a remote benefit on the other party thereto, such benefit will constitute an equitable consideration, and render the entire contract valid and enforceable. This phase of the law was ably discussed by the late Chief Justice Key in Edwards v. Roberts (Tex.Civ.App.) 209 S.W. 247, 251, rehearing overruled212 S.W. 673, in which case a writ of error was refused by the Supreme Court. Judge Key's original opinion (209 S.W. 251) contains a quotation from Hammond on Contracts, p. 683, as follows:
"The test of mutuality is to be applied, not as of the time when the promises are made, but as of the time when one or the other is sought to be enforced. A promise may be unenforceable for want of mutuality when made, and yet the promisee may render it valid and binding by supplying a consideration on his part before the promise is withdrawn."
The Commission of Appeals, in Johnson v. Breckenridge-Stephens Title Co., 257 S.W. 223, 226, 228, recognized the rule announced and applied by Judge Key in Edwards v. Roberts, and distinguished that case from the case under consideration by the fact that the expenses incurred by Johnson and his associates were not required by the contract made, nor contemplated by the parties at that time, The rule so announced, discussed, and applied by Judge Key is supported by a long line of authorities both in this state and elsewhere. Texas Seed Floral Co. v. Chicago *Page 179 
Set Seed Co. (Tex.Civ.App.) 187 S.W. 747, 749, 751 (writ refused); Clement v. Producers' Refining Co. (Tex.Com.App.) 277 S.W. 634, 635,636; Stanley v. Sumrell (Tex.Civ.App.) 163 S.W. 697, 699; Crosby v. De Bord (Tex.Civ.App.) 155 S.W. 647, 648; Frank v. Gaffney (Tex.Civ.App.)2 S.W.2d 885, 886, 887; Roberts v. Anthony (Tex.Civ.App.) 185 S.W. 423,426; Mayhew Isbell Lumber Co. v. Valley Wells Truck Growers' Ass'n (Tex.Civ.App.) 216 S.W. 225, 231, 232; Farmers' State Bank of Mineola v. Mincher (Tex.Com.App.) 290 S.W. 1090, 1091; Faulkner v. Reed (Tex.Civ.App.) 229 S.W. 945, 948, par. 8, reversed on procedure (Tex.Com.App.) 241 S.W. 1002; Fountaine v. Baxley, 90 Ga. 416,17 S.E. 1015, 1017, 1018; Brown v. Bowman, 119 Ga. 153, 46 S.E. 410,411; Sivell v. Hogan, 119 Ga. 167, 46 S.E. 67, 68, par. 3; Sultan Railway Timber Co. v. Great Northern Ry. Co., 58 Wn. 604, 109 P. 320, 323,1020; Emerson v. Pacific Coast Norway Packing Co., 96 Minn. 1,104 N.W. 573, 1 L.R.A. (N.S.) 445, 448, 113 Am.St.Rep. 603; Spencer v. Taylor, supra; Cooper v. Lansing Wheel Co., 94 Mich. 272, 54 N.W. 39,34 Am.St.Rep. 341. Appellee's relative allegations on this issue are as follows:
"That the defendant knew, at the time said contract was entered into, that the plaintiff was intending to engage in the retail ice business at McGregor, Tex., during the ice season of the year 1927; that it was clearly contemplated and understood by and between the plaintiff and the defendant that the plaintiff's purpose was to sell said ice for a profit, and knew at the time said contract was made and entered into that the plaintiff by reason of said contract, and by reason of the defendant's agreement to furnish him said ice, that he, the plaintiff, was going to incur some expense and make certain improvements, in order that he might conduct the said ice business and take from the defendant the ice it had agreed to furnish, and knew that he did not intend to incur such expense and make such improvement unless the defendant would agree to furnish him with all of the ice necessary to supply his trade."
It is presumed that the purpose of appellant in making the contract with appellee was to secure an additional customer for its ice, and that it expected to realize a profit from the sale thereof to him, and that such profit would be secured or enhanced by his expenditures in reliance on their mutual agreement. Appellee alleged that he made the expenditures contemplated, and that he purchased ice and paid therefor under said contract until the same was breached by appellant. Appellant therefore, according to said allegations, had as the result of such expenditures the contemplated benefit of increased sales, and the profit or chance of profit resulting therefrom, until it, over the protest of appellee, voluntarily repudiated the contract. We think that appellee's allegations on either phase of the case were sufficient as against a general demurrer, and that the court did not err in overruling the same.
Appellant requested the court to instruct the jury to return a verdict in its favor, and presents the action of the court in refusing such request as ground for reversal. Appellant's complaint of such action is based on the contention that the evidence failed to show a valid or enforceable contract, but, on the contrary, showed a contract void for lack of sufficient mutuality of obligation. The evidence in the case fully sustained the allegations of appellee's petition on this issue, and the requested charge was therefore properly refused.
Appellant presents as ground for reversal the action of the court in permitting appellee, over its objection, to testify in substance that he bought ice from appellant during all the year 1926, and that he sold from 8,000 to 15,000 pounds of ice per day during that year, and that he thought his sales would average 10,000 pounds per day during that time. The ground of appellant's objection was that only the contract for the year 1927 was involved in this suit, and that said testimony was without support in the pleadings, and was immaterial, irrelevant, prejudicial, and incompetent to prove any issue in the case. Appellee alleged that the ice season in McGregor opened about the 1st of May and continued until about the 1st of November of each year; that he began buying ice, under the contract sued on, on or about May 7, 1927, and that appellant breached said contract on or about June 3, 1927; that, if appellant had furnished him ice sufficient to supply his trade, he would have made a net profit on his sales of $3,000 during the remaining portion of such season. Appellee introduced testimony tending to sustain said allegations. The testimony further showed that sales in the ice business were greater during the months of July, August, and September than during other months of the season. Appellee's contract was therefore breached before his trade for the year 1927 had reached its probable maximum, but after, according to his testimony, such trade had been established on a profit-yielding basis. Appellee's pleadings raised the issue of the probable amount of ice he would have sold during the remainder of the season, but for such breach, as a basis for calculating the profits he would have realized from such sales. Border Rubber Co. v. Turney (Tex.Civ.App.) supra, 291 S.W. 959, 960, par. 4. As tending to establish such amount, he was properly permitted to testify with reference to the amount of the ice sold by him at the same place and under apparently similar conditions during the preceding year. Such period was not too remote to authorize the consideration of such testimony, together with all the facts and circumstances in evidence on such issue. American Construction Co. v. Davis (Tex.Civ.App.) 141 S.W. 1019, 1020, par. 4 (writ refused). *Page 180 
Appellee introduced evidence and rested. Appellant moved for an instructed verdict. Appellee, over objection of appellant, was then permitted to file a trial amendment, curing probably fatal defects in his original petition on the issue of mutuality of obligations in the contract sued on. Appellant did not withdraw its announcement, nor ask for a postponement of the case to secure additional testimony, but participated in the continued trial thereof on the issues raised by said trial amendment. Appellant's bill of exception to such action of the court does not show that it was in any way prejudiced, in submitting or sustaining its defenses, because of the stage of the trial at which said trial amendment was filed. In the absence of some specific showing of injury or probable injury resulting from such ruling, we cannot say that the trial court abused his discretion by the action taken. Continental Paper Bag Co. v. Bosworth (Tex.Com.App.) 276 S.W. 170, 171; American-Rio Grande Land Irrigation Co. v. Barker (Tex.Civ.App.) 268 S.W. 506,507, 508; Texas Utilities Co. v. Clark (Tex.Civ.App.) 269 S.W. 903, 905, pars. 1 to 5, and authorities there cited.
The judgment of the trial court is affirmed.