BISHOP, J.
 

 Admittedly due to the defendant’s negligence plaintiff’s automobile was wrecked and plaintiff brought this action to recover damages. A nonsuit was entered on the ground that it appeared that the plaintiff had placed a mortgage on his automobile, that he was in default at the time of the accident, and subsequently, but before this action was begun, the mortgagee took possession in order to enforce its mortgage lien and thereafter sold the mortgaged wrecked car in partial satisfaction of the mortgage debt. We have concluded that plaintiff, in spite of the facts shown, was entitled to recover, and that it was error to nonsuit him.
 

 The facts may be stated with more particularity. The automobile in question, worth about $600, was mortgaged to secure a note for $498.72, payable to Fred W. Gray Company in installments. The sum of $398.72 remained unpaid on the note when the accident occurred, one installment being overdue. Although the mortgage authorized the mortgagee to take possession in case of a default, the mortgagee had not exercised its right and the car was in the plaintiff’s possession when it was wrecked. A short time after the accident and before this suit was commenced the mortgagee’s insurer, acting on behalf of the mortgagee and in furtherance of rights given the mortgagee by the mortgage, took possession of the car, and the plaintiff has not possessed it, nor repaired it, nor made further payments on the installment note since then.
 

 In view of the stipulation “that the defendant was negligent and that in the event the plaintiff had any interest in the property at the time of the filing of this suit that such
 
 *Supp. 821
 
 amount as the court should find, if any, would be paid by the defendant”, it would seem that we are not concerned with events occurring subsequent to the commencement of this action. Further, events, neither pleaded nor proven to have occurred before the. complaint was filed, were stipulated to have taken place, however, and we shall include them in our consideration. That is, it appears that after taking possession of the car, the mortgagee’s insurer sold it for $170, its market value in its wrecked condition, and thereafter made demand upon the plaintiff to pay $218 as the balance remaining upon the mortgage note.
 

 Upon the problem presented by this appeal we find no authority in point in this state, but here and elsewhere we find principles established that make certain the conclusion that should be reached. It is quite obvious, of course, that the plaintiff had established a case when he proved ownership of the car and the damage to it, and obtained the stipulation that the defendant’s negligence was the cause of the damage. What fact that subsequently appeared defeated plaintiff’s
 
 prima facie
 
 case? The fact that he had placed a mortgage on his car could have no such effect. There seems to be no conflict in the authorities on this point; the principle is universally recognized that “Either a mortgagor or mortgagee . . . of a motor vehicle may maintain an action against a third person to recover damages for its injury or destruction. ’ ’ (42 C. J. 762.) (See, also, 8 C. J. S. 371 and the notes in
 
 Harris
 
 v.
 
 Seaboard Air Line Co.,
 
 190 N. C. 480 [130 S. E. 319], 49 A. L. R. 1452, 1458, and
 
 Commercial Securities Co.
 
 v.
 
 Mast,
 
 145 Or. 394 [28 Pac. (2d) 635], 92 A. L. R. 194, 205.) No reason appears, in this state, to give to a mortgage the effect of barring the owner’s right to recover damages occasioned by a third party’s negligence. It is elemental under our code that “a chattel mortgage does not transfer title to the mortgaged property”. (5 Cal. Jur. 42.) In spite of the mortgage, therefore, the plaintiff remained the owner of his car. In this connection we should not overlook a stipulation not heretofore mentioned, that at the time of the accident the Fred W. Gray Company was the “legal owner” of the car involved, and the plaintiff was the “registered owner”. It is plain, however, that these terms were being employed in the special sense in which they are defined in sections 67 and 68, Vehicle Code, where a “legal owner” is
 
 *Supp. 822
 
 stated to be “a person holding the legal title to a vehicle under a conditional sales contract or the mortgagee of a vehicle” and a “registered owner” is “a person registered by the department as the owner of a vehicle”. It remains clear, therefore, that the plaintiff was the owner of the automobile that was wrecked, even though he had placed a mortgage lien on it, and the mere fact of the existence of the lien would not defeat his right to recover for damages inflicted upon his property.
 

 Of significance on the point just discussed is the case of
 
 Conlin
 
 v.
 
 Coyne,
 
 (1937) 19 Cal. App. (2d) 78 [64 Pac. (2d) 1123], where the owner of real estate was held to have a cause of action for. damages to his property, although it had been conveyed to a trustee to secure an obligation.
 

 The next fact that appears, that the mortgagor was in default, does not furnish a reason for barring his recovery. Plaintiff’s ownership in his car was not transferred by his failure to pay an installment of the note when due; neither the note nor mortgage so provided, nor could they legally do so.
 
 (Blodgett
 
 v.
 
 Rheinschild,
 
 (1922) 56 Cal. App. 728, 737 [206 Pac. 674, 678].) In
 
 City of Topeka
 
 v.
 
 Tuttle,
 
 (1870) 5 Kan. 311, 322, we find: “The plaintiff was undoubtedly the owner of the horses and carriage, and entitled to recover for injuries done to them, notwithstanding he had mortgaged them for more than they were worth, and the mortgage was then past due.” To the same effect see
 
 Logan
 
 v.
 
 Wabash etc. Ry. Co.,
 
 (1890) 43 Mo. App. 71, and
 
 Martin
 
 v.
 
 Seaboard Air Line Ry. Co.,
 
 (1917) 108 S. C. 130 [93 S. E. 336],
 

 Nor does the fact, further appearing, that before suit was filed the mortgagee had taken the property into his possession raise a legal obstacle to plaintiff’s recovery. “We should also note the fact,” said our Supreme Court in
 
 Podrat
 
 v.
 
 Oberndorff,
 
 (1929) 207 Cal. 457, 459 [278 Pac, 1035, 1036, 63 A. L. R. 1308], “that the taking of possession by the mortgagee under his contract with the mortgagor does not give him title but merely increases the value of his security”. In
 
 Samuell
 
 v.
 
 Moore Mercantile Co.,
 
 (1922) 62 Mont. 232, 233 [204 Pac. 376, 377], this question and answer appear where the court was reviewing a judgment of nonsuit: “Is the mortgagor of personal property out of possession after condition broken entitled to maintain an action for damages against a third party by whose wrongful acts the property is destroyed,
 
 *Supp. 823
 
 where the value of the property exceeds the amount due the mortgagee ?
 

 “The identical question was answered in the affirmative in
 
 Frankenthal
 
 v.
 
 Mayer,
 
 54 Ill. App. 160, and we think upon correct principles. Under our statute the mortgage creates only a lien. (See. 5736, Rev. Codes.) The mortgagee is not entitled to possession before default, unless expressly authorized by the mortgage itself. (Sec. 5737, Rev. Codes.) The title to the mortgaged property remains in the mortgagor until, by foreclosure or sale, ... it is divested. . . . Until title passes, the mortgagor has an interest to the extent, at least, that the value of the property exceeds the mortgage debt, interest, costs, etc.”
 

 The plaintiff, then, had a good cause of action up to the sale of the mortgaged car, which sale we assume, for it does not appear, was held pursuant to the terms of the mortgage. The sale would divest him of title to the car; would it deprive him of his cause of action ? We are of the opinion that it would not. In the first place, one who sells property which has been damaged does not by the transfer of title to the property transfer his cause of action for the damages. The rule has been expressed with respect to real property thus: “Unless there is a provision for the transfer thereof, a right of action for permanent injuries to the property which exists in favor of the vendor does not pass to a purchaser under a conveyance so as to permit him to recover for such injuries.” (66 C. J. 1087.) The same conclusion with respect to mortgaged personal property is found in
 
 Millner
 
 v.
 
 Lankershim Packing Co.,
 
 (1936) 13 Cal. App. (2d) 315 [56 Pac. (2d) 1295], summed up in these words (p. 318): “Appellant assails the judgment herein principally upon the ground that an assignment of a chattel mortgage does not carry with it a cause of action for a previous conversion, and with that contention of appellant we find ourselves in accord. ” Before instituting an action to recover for damages to his crop, the plaintiff in
 
 Missouri etc. Ry. Co.
 
 v.
 
 Gilbert,
 
 (1910) 61 Tex. Civ. App. 478 [131 S. W. 1145], had sold the crop, and the defendant contended that with the sale of the crop the plaintiff had parted with his cause of action. This was held not to be so; his right to recover damages to the crops he had owned when the injuries had been inflicted, survived the sale.
 

 
 *Supp. 824
 
 A different conclusion is not reached when the sale is not a voluntary one, by the owner, but is by way o£ a mortgage foreclosure. In
 
 Elvins
 
 v.
 
 Delaware etc. Telephone Co.,
 
 (1899) 63 N. J. L. 243 [43 Atl. 903, 76 Am. St. Rep. 217], the plaintiff Bivins was seeking to recover damages done to her trees which were located on mortgaged property. The defendant offered to prove that the mortgage exceeded the value of the property, at the time the trees were injured, and that the mortgage had been foreclosed and the property sold. The trial court’s rejection of this proffered defense was approved.
 

 We conclude, therefore, that both the mortgagor and mortgagee had a cause of action against the defendant whose negligence caused damage to the mortgaged property, and that a default, loss of possession and subsequent sale of the mortgaged property did not defeat the mortgagor’s right to recover damages. It would be inequitable, of course, if both the mortgagor and mortgagee could recover the full amount of damages from the offending third party. It is generally held, however, that but one recovery can be had (see authorities first cited), and moreover a defendant can protect himself against the possibility of a second suit and recovery by causing the mortgagee or mortgagor to be brought in as a party to the action which has been begun. (See. 389, Code Civ. Proc.)
 

 Bor the reasons given, the judgment is reversed, appellant to recover his costs of appeal.
 

 Shaw, P. J., and Sehauer, J., concurred.